Donald J. Farley; ISB #1561
Mark J. Orler; ISB #7476
Michael O. DeLeon Guerrero; ISB #11248
POWERS FARLEY, PC
702 West Idaho Street, Suite 700
Boise, Idaho 83702
Telephone:  (208) 577-5100
Email: djf@powersfarley.com
　　　　mjo@powersfarley.com
　　　　mdg@powersfarley.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE WUCINICH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation, and DOE CORPORATIONS 1-10, and DOE INDIVIDUALS 1-10,<br><br>　　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

　　　　Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant FedEx Freight, Inc. (hereinafter "Defendant FedEx Freight"), by and through its undersigned counsel of record, Powers Farley, PC, gives notice that this matter is hereby removed from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls, Case No. CV42-21-3729, to the United States District Court for the District of Idaho.

　　　　This case is removable to this Honorable Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy, exclusive of interest or costs, exceeds $75,000.

NOTICE OF REMOVAL – 1

In support of such removal, Defendant FedEx Freight respectfully shows the Court the following:

## PLEADINGS AND PROCEDURE

1. On October 20, 2021, Plaintiff Mike Wucinich ("Plaintiff") filed his Complaint in the District Court of the Fifth Judicial District, in and for the County of Twin Falls, State of Idaho, styled *Mike Wucinich vs. FedEx Freight, Inc., an Arkansas Corporation, and FedEx Corp., and Doe Corporations 1-10, and Doe Individuals 1-10,* Case No. CV42-21-3729. (*See* **Attachment 1**.)

2. On December 27, 2021, Plaintiff filed a Notice of Voluntary Dismissal for Defendant FedEx Corp. (*See* **Attachment 5**, pages 1-2.)

3. Defendant FedEx Freight answered Plaintiff's Complaint on or about December 30, 2021. (*See* **Attachment 4**.)

4. This Notice of Removal has been filed within 30 days after receipt by Defendant FedEx Freight, through service or otherwise, of a copy of "other paper"—Plaintiff's responses to Defendant FedEx Freight's initial set of written discovery in the State proceeding attached hereto as **Attachment 5**—from which it could first be ascertained that the case is one which is or has become removable. Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b)(3) and (c)(3)(A).

5. Pursuant to 28 U.S.C. § 1446(a) and Local Rule – Civil Rule 81.1(a), a copy of the register of the action is attached hereto as **Attachment 2**. The remainder of the state court record not previously referenced is attached hereto as **Attachment 6**.

6. Intradistrict Assignment: The United States District Court for the District of Idaho is the federal judicial district embracing the District Court for the Fifth Judicial District for the State of Idaho, where the suit was originally filed; therefore, venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

7. Notice of Removal is provided to all parties appearing in the action and filed with the Clerk of Court for Twin Falls County.

8. All procedural requirements for removal have been satisfied.

## DIVERSITY OF CITIZENSHIP

9. As part of their Complaint, Plaintiff alleges that he is a resident of Idaho. (*See* **Attachment 1**, Complaint, ¶ 1.)

10. The Complaint alleges Defendant FedEx Freight is an Arkansas corporation doing business in the State of Idaho. (*Id.* at ¶ 2.)

11. Defendant FedEx Corp. has since been voluntarily dismissed from the action (December 27, 2021); regardless, Plaintiff's Complaint alleges it is "an Arkansas corporation . . ." (*Id*. at ¶ 3.)

12. Defendant FedEx Freight, therefore, meets the diversity of citizenship requirement outlined in 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

11. The matter in controversy exceeds the sum or value of $75,000 given information relating to the amount in controversy contained in Plaintiff's responses to Defendant FedEx Freight's initial set of written discovery provided to Defendant FedEx Freight on or about April 4, 2022, in the State proceeding. Plaintiff's Complaint was not initially removable because it did not specify an amount in controversy or set forth a specific damages figure being requested. On February 8, 2022, Defendant FedEx Freight served its first set of written discovery on Plaintiff in the State proceeding. Plaintiff responded to Defendant FedEx Freight's first set of written discovery on or about April 4, 2022. (*See* Plaintiff's responses to Defendant's First Set of Interrogatories and Requests for Production of Documents attached hereto as **Attachment 5**.) In its first set of written discovery, Defendant FedEx Freight requested Plaintiff "itemize by individual description and amount each category of damages, extra-contractual damages, and any

other damages not otherwise specified, which you expect to provide at trial . . ." Plaintiff responded as follows:

> **ANSWER TO INTERROGATORY NO. 5:** Subject to and without waiving objections,
>
> St. Luke's $4,006.58
> Advanced Hand Therapy $12,879.00
> **Grand Total $16,885.58**
> Plaintiff is also claiming wage loss once he has acquired those documents they will be supplemented at a later date. Plaintiff reserves the right to supplement or amend this Answer in accordance with the Idaho Rules of Civil Procedure and any scheduling order of this Court.

(*Id.*, Answer to Interrogatory No. 5, p. 7.) Plaintiff was, and still is, employed at Saint Luke's in Twin Falls Idaho as a physician's assistant and his compensation was between $53-$57 an hour. (*Id.* Answer to Interrogatory No. 21, p. 14). At this time, Plaintiff has produced documentation in discovery that indicates he missed, at a minimum, six weeks of work due to his injury. There is additional information provided which suggest the Plaintiff is also claiming reduced hours for a period of three months. Plaintiff further claims to have suffered a whole person impairment of 9%, upper extremity impairment of 15% and a whole hand impairment of 17%. (*See* Plaintiff's Answers to Defendant's First Set of Interrogatories - Answer to Interrogatory No. 19.) Plaintiff's alleged medical expenses, alleged loss of income, alleged disability/impairment, and claim for general or non-economic damages (*see* Complaint) undoubtably propel the amount in controversy above the $75,000.00 minimum threshold set forth in 28 U.S.C. § 1332. While Defendant FedEx Freight disputes that Plaintiff is entitled to such relief, the amount in controversy requirement is satisfied, and meets the jurisdictional requirements of the United States District Court for the District of Idaho.

## MISCELLANEOUS

12. A copy of this Notice of Removal is being filed with the District Court of the Fifth Judicial District of the State of Idaho, as provided by law, and written notice is being sent to Plaintiff's counsel.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. The allegations of this Notice are true and correct and this cause is removable to The United States District Court for the District of Idaho.

## CONCLUSION

15. Wherefore, Defendant FedEx Freight respectfully requests that this action be removed to the United States District Court for the District of Idaho.

16. By this Notice of Removal, Defendant FedEx Freight does not waive any objections or defenses it may have to this action.

DATED this 2nd day of May, 2022.

POWERS FARLEY, PC

By  /s/ Mark J. Orler
Donald J. Farley – Of the Firm
Mark J. Orler – Of the Firm
Michael O. DeLeon Guerrero – Of the Firm
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 2nd day of May, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Warren W. Dowdle | Jane Gordon |
| wwd@montgomerydowdle.com | jane@parkegoprdon.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

          /s/ Mark J. Orler
Donald J. Farley
Mark J. Orler
Michael O. DeLeon Guerrero